13-652
Liu v. Holder

BIA
A097 957 381

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand fourteen.

PRESENT:
JOHN M. WALKER, JR.,
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
    *Circuit Judges*.

_____

YOU ZHONG LIU, AKA YOUZHONG LIU,
    *Petitioner*,

v.                                    13-652
                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:        Donglai Yang, The Law Offices of
                       Donglai Yang, LLC, New Orleans, LA.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Yedidya Cohen, Trial
                       Attorney; Rebecca E. Dames, Law
                       Clerk, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner You Zhong Liu, a native and citizen of China, seeks review of a January 22, 2013, decision of the BIA denying his motion to reopen his removal proceedings. *In re You Zhong Liu*, No. A097 957 381 (B.I.A. Jan. 22, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Although there is no dispute that Liu's 2012 motion to reopen was untimely because the BIA issued a final order of removal in 2007, the time limitation does not apply to a motion to reopen "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and

2

would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).

However, Liu's religious practice in the United States constitutes a changed personal circumstance, which is insufficient to excuse the untimely filing of his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Contrary to Liu's contention, if more than 90 days have passed since the order of removal, an alien seeking to file a successive asylum application must first show changed country conditions. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 151-52 (2d Cir. 2008).

Moreover, Liu's evidence does not compel the conclusion that China's treatment of Christians has worsened since the time of his merits hearing. *See* 8 U.S.C. § 1252(b)(4)(B) (BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). The recent country reports submitted to show changed conditions with respect to the treatment of Christians do not materially differ from the reports submitted at the time of Liu's hearing. Finally, as Liu did not include his family planning claim in the asylum application he attached

3

to his motion to reopen, the BIA properly declined to consider it.  *See* 8 C.F.R. § 1003.2(c).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk